

# Fourth Court of Appeals
## San Antonio, Texas

August 12, 2021

No. 04-21-00320-CR

Jessie **NELSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 35546
Honorable Bob Brendel, Judge Presiding

# O R D E R

Appellant, Jessie Ray Nelson, filed a notice of appeal from the judgment on August 4, 2021. The clerk's record has been filed. The clerk's record includes the trial court's certification of defendant's right of appeal, which states "the Defendant has waived the right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). However, we are first "obligated to review that record [to] ascertain[] whether the certifications [are] defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id.* at 614.

Appellant pled guilty to the underlying offense and a jury found him guilty. Nothing in the clerk's record indicates a plea agreement or a waiver of the right to appeal. However, the trial court's certification indicates appellant waived his right to an appeal. Although the certification appears to be inaccurate, and therefore defective, this appeal may not proceed on the merits in the absence of a certification by the trial court that appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d).

To "ensur[e] that [appellant's] right to appeal is not abridged due to 'defects or irregularities' which can be corrected," on August 9, 2021, we abated this appeal for a period of ten days to allow the trial court to review the record and to either (1) submit an amended Rule

25.2 certification that comports with the record or (2) direct the trial court clerk to file a supplemental clerk's record that evidences the appellant waived his right to appeal. *See Dears*, 154 S.W.3d at 614-15; TEX. R. APP. P. 34.5(c), 37.1. We ordered the clerk to file a supplemental record containing any amended certification signed by the trial court and/or a record showing appellant waived his right to appeal.

On August 11, 2021, a supplemental clerk's record was filed containing a "Trial Court's Affirmation of Rule 25.2 Certification," in which the trial court affirmed appellant waived his right to an appeal and stated, in part, "after the jury's verdict of guilty, [appellant] freely and voluntarily waived his right to appeal on the record in open court in exchange for an agreed punishment rather than a full punishment hearing."

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides: "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).  It is therefore ORDERED that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant causes an amended trial court certification to be filed **no later than August 23, 2021**, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_____
Lori I. Valenzuela, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of August, 2021.



_____
MICHAEL A. CRUZ, Clerk of Court